Foulkes, Respondent, vs. Chicago, St. Paul, Minneapolis & Omaha Railway Company, Appellant.

*November 29—December 30, 1949.*

*John E. Krueger* of Milwaukee, for the appellant.
*James C. McKay* of Superior, for the respondent.

HUGHES, J. We need only to point out that if passengers on either train were plaintiffs, it would be obvious that their injuries would have been caused by the negligence of both train crews.

The plaintiff contends that he was entitled to rely upon the presumption that the defendant's engineer would obey the statute requiring him to stop.

In *Birmingham Mineral R. Co. v. Jacobs* (1893), 101 Ala. 149, 158, 13 So. 408, the court said:

"Without more than that the defendant's servants failed to bring their train to a stop, within the distance required by law, it will be presumed the injury was caused by the negligence of defendant. [Citing cases.]

"But, on the other hand, all the authorities, so far as we have seen, agree, and it certainly accords with sound principle, that it was the duty of the deceased, before he undertook to cross the track of the defendant, to look out for approaching trains, and the manner and speed with which they might come. This was his duty, notwithstanding his train had the right of way by law, and it was culpable negligence in the defendant's employees not to accord it to him, and he might presume they would not violate their legal obligation. He had no right to close his eyes to the approaching train, if he was in a position to see. In the absence of all apparent danger, the deceased would not be negligent in crossing defendant's track. He was not authorized, however, to indulge a presumption that the other company would comply with the law, in the face of facts reasonably indicating that they would not. That presumption authorized him to proceed with his train up to the danger line, which no prudent person, in the exercise of that degree of caution for his own and the safety of others intrusted to him, should cross, without being chargeable with negligence. That line

lay just where a person occupying his position, observing the prudence he ought to have observed, could reasonably see that the defendant's employees were not going to make. the stop. The presumption, which the law authorizes him to indulge, that they would comply with the law gave way, and no longer existed, if, and when, it became reasonably apparent that they did not intend to stop. The highest degree of care was upon him just there, without reference to the carelessness of the defendant's agents. In such an emergency, it is not enough that the chances are equally balanced; nice calculations should not be made. The decided weight of probability should be against the chances of a collision. The contention on the part of appellant, that it was his duty to stop his train when it did not appear the other would stop, or without knowing it would do so, in the absence of the dangerous proximity of the other, sets aside the presumption that the law authorized him to indulge, that the defendant would not be guilty of the culpable negligence of violating the law. It asserts the doctrine, that it was his duty to presume the other would not do its duty, while the law is, he had the right to presume it would. ·[Citing cases.]"

3 Elliott, Railroads (3d ed.), p. 448, sec. 1613, states the rule to be:

"Where by the rules governing priority of passage the company whose train first reaches the stopping post has prior right of passage, it is negligence for the employees of the other company to attempt to cross in advance of the train on the other track. 'Each train,' it said, 'may indulge the presumption that the other will comply with the mandates of the statute, but this presumption will not protect either from liability for want of care in proceeding when it becomes apparent, or reasonably so, that the other train is negligent or disobedient.' "

We are of the opinion that it is doubly clear that the plaintiff had little cause to rely upon the presumption that the defendant's servants would obey the safety statute when he himself was then in the process of violating it. If he did indulge such presumption, he must in the exercise of

ordinary care have observed that the defendant was not going to perform its duty at a time when at his slow speed there was still time to have avoided the collision.

Because the accident resulted from the concurring negligence of plaintiff and defendant's agents, of the same kind and degree, it follows that the negligence of the plaintiff was causal as a matter of law and equal to that of the defendant. *Sikora v. Great Northern R. Co.* (1939), 230 Wis. 283, 291, 282 N. W. 588, and cases there cited. See also *Kasper v. Kocher* (1942), 240 Wis. 629, 4 N. W. (2d) 158, and cases cited at page 635.

*By the Court.*—Judgment reversed and cause remanded with directions to dismiss the plaintiff's complaint.