# Birmingham Railway & Electric Co. v. Bowers.

*Action for Damages by Administrator of Person Killed.*

1. *Negligence; definition of simple negligence.*—Simple negligence,
VOL. 110.

[Birmingham Railway & Electric Co. v. Bowers.]

which gives a cause of action, is shown where damage results from the doing of an act, or the omission to act, but without an intent to do wrong or cause damage.

2. *Wanton negligence; distinguished from willful injury.*—Where a person, from his knowledge of existing circumstances and conditions, is conscious that his conduct will probably result in injury, and yet, with reckless indifference, or disregard of the natural or probable consequences, but without having the intent to injure, he does the act, or fails to act, he is guilty of wanton negligence. A purpose or intent to injure is not an ingredient of wanton negligence, and if either of these exists, and damage ensues, the injury is willful.

3. *Contributory negligence; when shown by the facts of the case.*— Where, in an action against a railroad company to recover damages for the alleged negligent killing of plaintiff's intestate, it was shown that the deceased, who was a deaf person, attempted to cross the railroad track, by a path used by the public as a convenience in crossing, without looking for approaching trains, and that at the time of the injury the train was moving at a rapid rate of speed, in plain view from the point of the accident, the engineer is justified in thinking that the deceased, whom he saw approach the track, would not attempt to cross it in front of the train, and his failure to attempt to stop the train until it was too late to prevent it from striking the deceased, who continued on his way, does not constitute wanton negligence or authorize a conclusion that the injury was willfully inflicted ; but in such case the plaintiff is shown to have been guilty of contributory negligence which precludes his recovery.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellee, Mary R. Bowers, as administratrix of the estate of Thomas J. Bowers, deceased, against the Birmingham Railway & Electric Company ; and the appeal is taken by the defendant from a judgment in favor of the plaintiff. The facts of the case are sufficiently stated in the opinion.

WALKER, PORTER & WALKER, for appellant.—It having been conceded by the appellee that the engineer and fireman were not charged with notice, in the absence of actual knowledge, that there were persons on the track at the time and place of the accident, nor chargeable with knowledge that injury would result as the probable consequence of their neglect of duty, their failure to perform the duties mentioned in the charge, would be nothing more than negligence.—*Ga. Pac. R. Co. v. Lee*, 92

Ala. 272 ; *L. & N. R. R. Co. v. Webb*, 97 Ala. 308 ; *S. & W. R. R. Co. v. Meadors*, 95 Ala. 142.

KERR & HALEY, *contra.*—The 3 and 4 counts of the complaint alleged wanton negligence on the part of defendant's employés in charge of said engine and there was evidence to sustain same.—*A. G. S. R. R. Co. v. Hall*, 105 Ala. 599 ; *Railway Co. v. Lee*, 92 Ala. 272 ; *R. R. Co. v. Webb*, 97 Ala. 308 ; *Nave v. A. G. S. R. R. Co.*, 96 Ala. 264 ; *C. R. R. & B. Co. v. Vaughan*, 93 Ala. 209 ; *G. P. R. Co. v. O'Shields*, 90 Ala. 29 ; *M. & C. R. R. Co. v. Womack*, 84 Ala. 149 ; *Frazer v. S. & N. R. R. Co.*, 81 Ala. 185 ; *G. P. R. Co. v. Blanton*, 84 Ala. 154.

COLEMAN, J.—The appellee, as administratrix sued to recover damages for the killing of Thos. J. Bowers. The complaint charges the defendant with simple negligence and, in different counts, with having wantonly inflicted the injury which caused the death of her intestate. The negligence averred is that the person in charge of an engine, and operating the same upon defendants's road, negligently ran the engine against deceased while the latter was crossing the road track ; and in other counts, that he wantonly ran the engine against the deceased.

To state plaintiff's case in the most favorable light, that the evidence will admit of, it is as follows : The engineer was running the engine at the rate of fifteen to eighteen miles per hour, when both he and the fireman saw the deceased about ten or twelve feet from the track as if intending to cross over it ; that it was about ten o'clock in the day time, and there was nothing to obstruct the view between the engine and deceased ; that deceased was deaf, and that if the engineer had immediately used the proper appliances, the engine could have been stopped before reaching the point where deceased would reach the track ; that the engineer made no exertion to stop the engine until it was too late; that neither he nor the fireman recognized the deceased at the time ; that deceased continued forward without looking, and as he stepped over the first rail, the engine struck him and caused his death ; that deceased was not walking along a public crossing, but along a path used by the people in the community as a convenience. This

statement gives the plaintiff every advantage. The defendant pleaded the general issue, and contributory negligence.

So far as plaintiff's right to recover depended upon the counts charging simple negligence, conceding that the defendant was guilty of simple negligence, the plea of contributory negligence was fully sustained; and we do not understand from appellee's argument, that she insists upon the right to recover upon the counts charging simple negligence. To the counts charging wanton injury, the defendant pleaded the general issue. The material question at this time for consideration is, whether the facts authorized the jury to find that the injury was wantonly or willfully inflicted as charged in the third and fourth counts of the complaint. Mere negligence which gives a cause of action is the doing of an act, or the omission to act, which results in damage, but without intent to do wrong or cause damage. To constitute a willful injury, there must be design, purpose, intent to do wrong and inflict the injury. Then there is that reckless indifference or disregard of the natural or probable consequence of doing an act, or omission of an act, designated, whether accurately or not, in our decisions, as "wanton negligence," to which is imputed the same degree of culpability and held to be equivalent to willful injury. A purpose or intent to injure is not an ingredient of wanton negligence. Where either of those exist, if damage ensues, the injury is willful. In wanton-negligence, the party doing the act or failing to act, is conscious of his conduct, and without having the intent to injure, is conscious, from his knowledge of existing circumstances and conditions, that his conduct will likely or probably result in injury. These are the distinctions between simple negligence, willful injury, and that wanton negligence which is the equivalent of willful injury, drawn and applied in our decisions. A mere error of judgment as to the result of doing an act or the omission of an act, having no evil purpose or intent, or consciousness of probable injury, may constitute simple negligence, but cannot rise to the degree of wanton negligence or willful wrong.—*Ga. Pac. R. R. Co. v. Lee*, 92 Ala. 272; *L. & N. R. R. Co. v. Webb*, 97 Ala. 308; *Highland Ave. & Belt R. R. Co. v. Sampson*,

[Milliken v. Maund.]

91 Ala. 560; *K. C. M. & B. R. R. Co. v. Crocker*, 95 Ala. 412; *L. & N. R. R. Co. v. Markee*, 103 Ala. 160.

What is there in the foregoing statement of facts, which would justify the inference that the engineer was guilty of a willful injury or wanton negligence? The engine was rapidly approaching the place where apparently deceased intended to cross the road. There was nothing to obstruct the view, and it was open daylight. It was not a stopping place for trains, nor a crossing place for the public. The engine had the right of way. It was the duty of the deceased to stop and let the engine pass. It was reasonable to expect him to do so. Can it be said, that under the circumstances a human being would probably step upon the track in front of a rapidly approaching train in such close proximity? Do the facts authorize the inference that the engineer ought to have known that it was probable that the deceased would under all the circumstances have been guilty of such perilous and unreasonable conduct? On the other hand, was not the engineer justified in the inference that deceased would probably, if not certainly stop, rather than be guilty of such improbable conduct? That is our conclusion, and we are of opinion the defendant was entitled to the general charge under the complaint as a whole. We consider it unnecessary to consider the other assignments of error.

Reversed and remanded.