JANE MARTIN, ADMINISTRATRIX, *v.* KANSAS CITY, MEMPHIS & BIRMINGHAM RAILROAD COMPANY.

1. ACTION FOR DEATH OF PERSON. *Law of place.*

Actions for injuries resulting in death are governed by the substantive law of the place where the injury was inflicted.

2. RAILROADS. *Riding on engine. Custom.*

It is obviously perilous to ride on a railroad engine, and the habit of doing so by the party injured does not make it any less dangerous.

3. SAME. *Tank employe. Trespasser.*

The tender of a railroad water tank who gets upon an engine stopping at the tank and rides thereon, without the knowledge of the conductor of the train, who would, if advised, have forbidden him, is a trespasser, and his administratrix cannot recover of the railroad company for his death, caused by the derailment of the engine, in the absence of wanton negligence on the part of the railroad company, or its servants, with knowledge that the injury would be the probable consequence of such negligence.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Mrs. Martin, administratrix, was the plaintiff in the court below; the railroad company was defendant there. From a ver-

dict, upon a peremptory instruction, and judgment for defendant the plaintiff appealed to the supreme court.    The facts are stated in the opinion of the court.

*W. D. Anderson,* for appellant.

The question is whether or not the testimony in the case tends to establish that the defendant was guilty of gross, wanton or intentional wrong.    If defendant was guilty of such conduct, contributory negligence on the part of plaintiff could not defeat a recovery.

Under the law of Alabama, which governs in this case, it is not necessary for the defendant to have intentionally caused the injury to plaintiff.    If it was the result of gross and wanton negligence and inattention to duty, that is equivalent to intentional wrong.    *Tanner* v. *Railroad Co.,* 60 Ala., 621; *Brown* v. *Scarboro,* 97 Ala., 316; *Railway Co.* v. *Bowers,* 110 Ala., 328.

The circumstances attending the injury and death of Martin in this case are such as ordinarily only occur from the gross and wanton negligence of the agents and employes of a railroad.    The mere fact that the switch, where the wreck occurred, was open and caused the wreck and death of the defendant makes out a *prima facie* case of gross and wanton negligence on the part of defendant, and placed the burden of exculpating itself on appellee.    Hutchinson on Carriers (2d ed.), sec. 800; *Railroad Co.* v. *Albritton,* 9 Ga., 242.

In this case we have proof of a switch held together by a bolt and tap that were clearly insecure the day before the wreck, and the condition of this switch was brought to the knowledge of the defendant.    It was allowed to remain out of order until the death of Martin.

It should have been left to the jury whether this was a wanton and reckless disregard of duty by the defendant.

Under the circumstances the employes in charge of the

train were guilty of gross and wanton conduct in running at the rate of speed the train was going when the wreck occurred. To understand the situation: One-quarter of a mile west of the switch where the wreck occurred, there is a high point; from there to the switch is down a heavy grade; the switch is situated on a sharp curve, and in connecting with the main line makes a reverse curve. All the witnesses who saw the derailment state that it was the universal custom of the defendant's engineers in charge of the trains going east to shut off steam at the high point and slow up down the grade and over the switch. These witnesses say that this was not done in these instances.

Does not this tend to show a reckless disregard of the safety of life?

*W. H. Clifton,* on same side.

Conceding the decedent violated a rule in riding on the engine, it had no connection, causal or otherwise, with the accident, and that it did not directly contribute to the injury suffered. 14 Am. & Eng. Enc. L., 908, note 4; *Memphis, etc., Ry. Co.* v. *Thomas,* 51 Miss., 641; *White* v. *Railway Co.,* 72 Miss., 13.

An employe cannot be bound prejudicially for the violation of a rule of which he had no knowledge. There was no proof that Martin had knowledge of defendant's printed rules. 14 Enc. Law, 908, note 1; *Railway Co.* v. *Probpst* (Ala.), 3 So., 764; *Railway Co.* v. *Perry* (Ala.), 6 So., 40; *Alabama, etc., Railway Co.* v. *McDonald* (Ala.), 20 So., 472.

There was an abandonment of the rule. The railroad company permitted its tankman to ride on the engines; and in proving such a custom at variance with the rule, plaintiff is not required to prove knowledge of the custom on the part of the superior officers. It may be implied from the notoriety of the custom. *White* v. *Railway Co.,* 72 Miss., 21; *Reed* v.

*Railway Co.,* 33 N. W., 451; *Louisville, etc., Railway Co.* v. *Richardson* (Ala.), 14 So. Rep., 211.

The defendants' roadbeds and ways were improperly constructed just where this awful tragedy happened. The engine was defective, and the man who stood at the throttle had said, a few hours before, it was the last run he intended to make with it.

Even if plaintiff's intestate was guilty of contributory negligence, the wilful, wanton negligence of defendant, being the efficient proximate cause of the injury, the plaintiff is entitled to a recovery, and the excluding of plaintiff's evidence, followed by a peremptory instruction, was clearly erroneous. 2 Thompson on Negligence, 1160; Wharton on Negligence, 348; *Davis* v. *Mann* (Thompson on Negligence), 1105, 1157; *L. & N. Railroad* v. *Webb,* 12 So. Rep., 375; *L. & N. Railroad* v. *Watson,* 8 So. Rep., 250; *G. P. Railway Co.* v. *Lee,* 9 So. Rep., 234; *M. & E. Railway Co.* v. *Stewart,* 8 So. Rep., 10; *A. G. S. Railway* v. *Frazier,* 9 So. Rep., 303; *L. & N. Railroad* v. *Markee,* 15 So. Rep., 13; *Beyer* v. *L. & N. Railroad Co.,* 21 So. Rep., 953; *Brown* v. *Scarboro,* 12 So. Rep., 292; *Christian* v. *Railroad Co.,* 71 Miss., 240; *Grand Trunk Railway Co.* v. *Ives,* 144 U. S., 408; 4 Enc. Law, p. 30, notes 1 and 2; *Railway Co.* v. *Deaver,* 79 Ala., 221; *Railway Co.* v. *Lowe,* 73 Miss., 215; *A. G. S. Railway Co.* v. *Hall,* 17 So. Rep., 178.

*J. W. Buchanan* and *Allen & Robbins,* for appellee.

The supreme court of Alabama, in a recent case, opinion by McClellan, J., clearly lays down the rule that riding on an engine is *per se* negligence, and will defeat an action for injuries received while so riding, which would not have been received had the deceased not been riding there. *Warden* v. *L. & N. Railroad Co.,* 94 Ala., 277. To the same effect see *Martin* v. *Railroad Co.,* 41 Fed. Rep., 125; *Judkins* v. *Railroad Co.,* 80 Me., 417; *Hicky* v. *Railroad Co.,* 14 Allen, 429; *Railroad* v. *Langdon,* 1 Am. & Eng. R. R. Cas., 87;

*Railroad* v. *Thomas,* 1 Am. & Eng. R. R. Cas., 79; *Railroad Co.* v. *Ray,* 70 Ga., 674; *Martensen* v. *Railroad Co.,* 60 Iowa, 705; *Avend* v. *Railroad,* 17 Am. & Eng. R. R. Cas., 614; *Doggett* v. *Railroad,* 34 Iowa, 284; *Robinson* v. *Railroad Co.,* 22 Barb., 91; *Baltimore, etc., Railroad Co.* v. *Jones,* 95 U. S., 439; Thompson on Carr. Pass., 269; 2 Wood on Railways (Minor's Ed.), p. 286.

The deceased, at the time of the accident, being of his own volition in an obviously dangerous place, the law in Alabama and everywhere else, holds that he was guilty of negligence *per se,* and unless the defendant wantonly or maliciously killed him, his administratrix cannot recover.

It therefore devolved upon the appellant to show how the accident occurred, and that it was the result of wanton, wilful, and reckless negligence on the part of the appellee. In case of an injury to an employe, no presumption of negligence on the part of the railroad company arises from the mere fact of injury, and not only the injury and negligence, but the wilful character of such negligence, must be affirmatively proven.

The appellant introduced testimony which, it is claimed, proved a custom or habit of tankmen to ride on engines, but the supreme court of Alabama, in dealing with the question of custom, introduced for the purpose of justifying one in taking a dangerous place on a train, uses the following language: "The fact that one is in the habit of doing an obviously dangerous thing does not make his act any the less a dangerous one. . . . Custom can, in no case, impart the qualities of due care and prudence to an act which involves obvious peril, voluntarily and unnecessarily done, and which the law itself declares to be negligence." *Warden* v. *L. & N. Railroad Co.,* 94 Ala., 277. We also cite: *Railroad* v. *Clark,* 15 Am. & Eng. R. R. Cas., 261; *Railroad* v. *Robins,* 43 Kan., 145; *Hebler* v. *McCartney,* 31 Ala., 501; *Bryant* v. *Railroad,* 56 Vt., 710.

There was testimony showing very clearly that decedent was

on the engine without the permission of the conductor and against the rules of the company, with which he was well acquainted.

In another case from Alabama, an accident occurred on the route resulting in death. It happened, just as in the case at bar, that several cars and the caboose did not leave the track, parties in the caboose being uninjured. The question was raised as to whether the deceased was a trespasser, a passenger or a licensee. In dealing with this question, the supreme court used this language: "We are of the opinion that it is not material to consider whether deceased was a trespasser, a passenger or a licensee. If he was a trespasser, he could not recover, except for a wanton or wilful injury done him. If he was a passenger or licensee, he had no authority to take the extraordinarily dangerous position he did take on the train, instead of taking passage in the caboose, the appropriate and safe place for such persons, and in doing so it was upon the undisputed evidence that he was guilty of negligence contributory to his injury . . . and he could not recover except upon pleading and proof that the injury was wantonly and wilfully inflicted." *Beyer* v. *L. & N. Railroad Co.,* 114 Ala., 424. See also *Brown* v. *Scarborough,* 97 Ala., 316.

It is therefore immaterial in this case whether the deceased was a passenger, trespasser or licensee, since, in order to recover, appellant is bound to allege, and establish by proof, wanton, wilful or reckless negligence. And in order to justify a submission of the case to the jury, appellant must introduce testimony tending to show negligence of this character.

The testimony in this cause fell so far short of legal requirement that we confidently ask an affirmance.

Argued orally by *W. H. Clifton* and *W. D. Anderson,* for appellant, and by *J. Q. Robbins,* for appellee.

CALHOON, J., delivered the opinion of the court.

R. B. Martin, appellant's intestate, was killed by the derail-

ment of an engine. This case must be decided as if we were administering the laws of Alabama, in which state the sad calamity took place.

The various objections to the admission and exclusion of testimony over objection, and our opinion on them, need not be noted, though we have considered them all, because our conclusion would be the same if the objections of appellant had been sustained.

The intestate was in the employment of the railroad company, as its tender of its water tank at New River, on its line of railway. This tank was not a station to take on passengers, but, on November 2, 1897, he got on, at that tank, a locomotive pulling a freight train of appellee going east, and rode on the locomotive until the fatal derailment at switch No. 5, some miles east of his tank. He was on this engine without the knowledge of the conductor, who would not have permitted it if he had known it. If he had been in the caboose, the car designed for human freight, he would have escaped an injury, as did the three persons who were in it, including one passenger.

There was testimony tending to show that it was difficult to get into the caboose of a train going east at that tank, and that to do so required walking on a trestle or on top of cars.

There was evidence tending to show a habit of the intestate of riding on the engine, and testimony tending to show that the engine was unsafe because of worn flanges, and that it was being run at a dangerous rate of speed, down grade, towards the switch, and tending to show a defect in the original construction of the road at the switch, there being a curve and the outer rails not sufficiently elevated above the inner rails, and testimony showing satisfactorily, as we think, that the switch was not fastened. In fact, the bolt and pin of this switch were found lying together on the ground just after the accident, and it may well be concluded that the unfastened switch was the sole cause of the accident. This bolt and pin were seen out of place the

day before the accident, and were put in, and several trains had gone safely over it.    From the position of the pin and bolt and tap when found, and the other evidence on this feature, it is hardly possible that their removal could have been caused except by felonious design.

The court below peremptorily charged the jury to find for the railroad company.    From this record it is plain that the intestate was a trespasser on the engine, and in worse condition for the recovery of damages than a passenger in his proper place on the train, or employes in their proper places.    It is obviously perilous to ride on an engine, and a habit of doing so by the intestate does not make it any the less dangerous. *Warden* v. *Louisville, etc., Railroad Co.,* 94 Ala., 277.

The facts in this case do not show such wanton negligence, with knowledge that the probable consequences of the conduct would be to inflict injury, as entitles a trespasser to recover. *Alabama, etc., Railroad Co.* v. *Hall,* 105 Ala., 599; *Electric Co.* v. *Bowers,* 110 Ala., 328; *Beyer* v. *L. & N. Railroad Co.,* 114 Ala., 424; *Louisville, etc., Railroad Co.* v. *Anchors,* 114 Ala., 492; *Alabama, etc., Railroad Co.* v. *Burgess,* 114 Ala., 587.

*Affirmed.*