# Mobile J. & K. C. R. R. Co. v. Smith.

*Action for Damages for Personal Injury.*

(Decided April 28, 1906.   40 So. Rep. 763.)

1. *Pleading; Form of Allegation; Alternate Averments.*—Wantonness is the legal equivalent of willfulness, and a complaint which avers that an injury was wantonly or willfully inflicted is not subject to demurrer for alternate averments.

2. *Railroads; Injuries to Trespassers or Licensees; Wantonness.*— Under a complaint declaring on wanton injury, it is immaterial whether the person injured was a trespasser or a licensee.

3. *Same; Evidence.*—The evidence stated and examined and held not to make out a case of wanton infliction of injury.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Callie V. Smith against the Mobile, Jackson & Kansas City Railroad Company. From a judgment for plaintiff, defendant appeals. The sixth count of the complaint was in words and figures as follows: "(6) The plaintiff claims of the defendant, which is a corporation, the sum of $50,000 as damages, for that on the 10th day of September, 1903, while defendant was engaged in the operation of trains upon railroad tracks in Mobile county, Ala., and while plaintiff was in one of

the cars at or near Semmes Station, in said county, the servants of defendant, then and there in control of a train of defendant, and then and there acting within the line or scope of their duties as servants of the defendant, wantonly or willfully injured plaintiff's back or spine, and caused plaintiff much suffering and much expense, all to her damage as aforesaid." Demurrers were interposed to this count as follows: (1) Because said count alleges that the injury was inflicted wantonly or willfully, without designating which is relied on as fixing liability on this defendant. (2) Because said count shows that plaintiff was a trespasser on defendant's track, and fails to show that the employes of the defendant failed to do all in their power to avert the injury after her peril was discovered. (3) Said count seeks to recover of this defendant for wanton or willful negligence, and fails to show any facts constituting such wanton and willful conduct on the part of the defendant. Issue was joined on the general issue. There was motion for a new trial on the ground that the verdict was contrary to the evidence and the charge of the court, and on the further grounds that the court erred in refusing to give the affirmative charge requested by the defendant. This motion was overruled. The evidence introduced on the trial showed that plaintiff was living in the caboose of the work train, which was on a siding near Semmes Station; that a train came in from the direction of Mobile, entered the siding with three cars in front of the engine, and as the cars were kicked in they struck the car on which plaintiff was at the time, knocking her down and bruising her spine, from which she was confined to her bed for some time, and from the nervous shock of which she was disabled for a good long time. It is not shown that the servants of defendant in charge of the train saw or knew that plaintiff was in the car. It was shown that plaintiff's husband was at work for the Gulf City Construction Company, and that said company had a contract with the railroad company to build section

houses and depot buildings, and that plaintiff was accompanying her husband on the car while he was engaged in this work. Plaintiff's husband testified that he had permission from the assistant general manager of the railroad to take his wife with him and occupy this car, and that he gave her an annual pass. "Sometimes the servants or agents of defendant would notify us when they were going to move the car we were in, or when they were going to switch, and sometimes they would not notify us. We had to look out for ourselves."

McINTOSH & RICH, for appellant.—Wantonness or willfullness were improperly joined in the alternative in the sixth count.—*M. & C. R. R. Co. v. Martin*, 117 Ala. 368. This count also discloses that the plaintiff was a trespasser, and it fails to aver facts of any kind out of which the wantonness or wilfulness alleged could spring. It is necessary under said circumstances to allege the facts out of which the injury grew.—*Campbell v. Lunsford*, 83 Ala. 515; *Crawford v. L. & N. R. R. Co.* 89 Ala. 240. There was no evidence of the perilous position of plaintiff or that it was known to any of the employes of appellant.—*G. P. Ry. Co. v. Lee*, 92 Ala. 262; *Peters v. S. Ry. Co.*, 135 Ala. 553. There is nothing in the evidence showing any wilful or wanton negligence or conduct on the part of appellant or his employes.—*H. A. & B. Ry. Co. v. Swope*, 115 Ala. 289; *L. & N. R. R. Co. v. Anchors*, 114 Ala. 492; *A. G. S. R. R. Co. v. Moorer*, 116 Ala. 642; *A. G. S. R. R. Co. v. Burgess*, Ib. 509; *B. R. & E. Co. v. Bowers*, 110 Ala. 348.

McALPINE & ROBINSON, for appellee.—Under the facts of this case, the defendant was liable, if guilty of simple negligence in injuring plaintiff.—*A. G. S. R. R. Co. v. Yarbrough*, 83 Ala. 238; *Sherman v. Hannibal R. R. Co.*, 4 A. & E. R. R. cases, 599. Plaintiff's wife was on the car by permission and at the suggestion of defendant's agent, and the accident was caused by the negli-

[Mobile J. & K. C. R. R. Co. v. Smith.]

gence of the conductor. It is not contended under the sixth count that the injuries to plaintiff were wilfully inflicted, but it is contended that they were wantonly inflicted.—*Levin v. M. C. R. R. Co.*, 109 Ala. 334; *Ross' Case*, 100 Ala. 400.

DOWDELL, J.—Wantonness is the legal equivalent of willfulness. In an action for damages for personal injuries, a complaint which avers that the act complained of was willfully or wantonly done is not demurrable for the reason that the averment is made in the alternative form. The case of *Memphis & Charleston R. R. Co. v. Martin*, 117 Ala. 368, 23 South. 231, relied on by counsel for the appellant, does not support his contention. The fifth count in that case was held by the court to be a count in simple negligence.

The sixth count in the complaint before us is clearly a count in wantonness. In such a case, it is immaterial whether the injured party be a trespasser or not.—*Railroad Co. v. Guest*, 144 Ala. 373, 39 South. 654. The sixth count of the complaint was not subject to the grounds of demurrer assigned.

The case was tried in the court below on the sixth count, which counted on the willful or wanton misconduct on the part of the defendant's servants or agents. The evidence has been carefully considered, and there is nothing in it that we can find showing that the defendsant's agents or servants were guilty of either willful or wanton misconduct in the infliction of the injury on the plaintiff complained of, or any evidence from which we think the jury would be authorized to reasonably infer that the defendant's agents or servants were guilty as charged.

Our conclusion is that the defendant was entitled to the general charge as requested, and that the trial court erred in its refusal. We deem it unnecessary to consider other assignments of error which relate to charges that were given at the instance of the plaintiff. For the

error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, ANDERSON, and DENSON, JJ., concur.