# Vessel, *et al. v.* Seaboard A. L. Ry. Co.

## *Death Action in Collision.*

(Decided April 10, 1913. 62 South. 180.)

1. *Negligence; Wanton; Willful.*—The terms "wanton" and "willful" relate primarily to resulting injury, rather than to the mere acts or omissions which proximately produced that injury, for, considered without reference to known probable or inevitable injury resulting, even the conscious or intentional omission of any precautionary duty is no more than simple negligence.

2. *Death; Wantonness; Instruction.*—In an action for death caused by wanton, willful or intentional misconduct, a charge asserting that wantonness is the moral equivalent of an intentional wrong, is merely an assertion that a wanton wrong is the moral equivalent of an intentional wrong, and not the assertion that the essential ingredients of the two acts are the same.

3. *Same.*—Where the court charged that neither a will nor an intention to injure was necessary to wantonness, a charge asserting that wantonness is the moral equivalent of intention, and that a wanton wrong is the moral and legal equivalent of an intentional wrong, cannot be said to be objectionable as being misleading.

4. *Same.*—A charge that if the engineer did not wantonly, willfully or intentionally take the life of decedent, the verdict must be for defendant was not erroneous where the complaint charged willful or intentional misconduct, and if such charge is conceived to be misleading, the duty was on the other party to request an explanatory charge.

5. *Same.*—One who willfully or wantonly runs a locomotive against another locomotive with knowledge that the act would probably result in the death of a particular person, is guilty of taking that person's life if death ensues, though the act may not necessarily be murder.

6. *Same.*—Where the complaint alleged that intestate's death was caused by defendants in that they wantonly, willfully, or intentionally ran their locomotive against decedent's locomotive, a charge that although the engineer was negligent, the verdict could not be for plaintiff unless the engineer's conduct amounted to wantonness, or to an intentional or willful injury, was proper.

7. *Appeal and Error; Party Entitled to Complain.*—A party cannot complain of the giving of instructions favorable to himself.

8. *Railroads; Operation; Care Required.*—Where a train approaches a crossing at grade with another railroad, but no train on the latter railroad is approaching the crossing in dangerous proximity thereto, the trainmen operating the train on one road may presume that an approaching train will stop before reaching the crossing, but such trainmen must comply with the law and stop themselves, and use all due care to avoid a collision.

9. *Same; Collision; Instruction.*—In an action for the death of an assitant hostler in a collision between his engine and a switch engine of defendant railroad company at a grade crossing of the two railroads, a charge that if the way was clear for the switch engine when it was proceeding towards the crossing, the engineer, if otherwise not guilty of negligence, could presume that no other train would aprpoach the crossing without stopping, properly submitted to the jury the question of the negligence of the engineer in not stopping the engine, or in failing to discover the approach of decedent's engine, or in failing to perceive that it would not stop before reaching the crossing.

10. *Same.*—In such a case, where the evidence showed the pendency of an action against plaintiff's intestate' employer for intestate's death, a charge asserting that whatever the verdict might be, plaintiff would not be precluded from prosecuting the pending action, was not objectionable as an invitation to the jury to render a prejudicial verdict.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Mary Alice Vessel and others, as administrators, against the Seaboard Air Line Railway Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

Plaintiffs' intestate was an assistant hostler on the Southern Railway engine, which was pulling a dead passenger train, and was killed in a collision between his engine and the Seaboard Air Line switch engine, at a crossing of the two roads near the terminal station of Birmingham. The case was submitted to the jury on the second and third counts. The second count charges that intestate's death was caused by the wanton, willful, or intentional conduct of the defendants (the railway company and its engineer, Hankins), in that they wantonly, willfully, or intentionally collided

said engine with the knowledge that plaintiffs' intestate would probably be injured thereby, and with reckless disregard of the consequences. The third is substantially like the second, except that it charges that intestate's death was due to the wanton, willful, or intentional conduct of the defendant's engineer, Hankins, in that he wantonly, willfully, or intentionally caused said engine, of which he was in control, to collide with said engine, upon which plaintiffs' intestate was riding, with the knowledge, etc. The assignments of error are based upon the giving of the following charges in writing at defendant's request: (1) The court charges the jury that wantonness is the moral equivalent of intention. (2) The court charges the jury that a wanton wrong is the moral and legal equivalent of an intentional wrong. (3) If the jury believe from the evidence in this case that Hankins, the engineer, did not wantonly, willfully, or intentionally taken the life of Grover Collins, deceased then you must find a verdict in favor of both defendants. (4) The court charges the jury that although they may believe from the evidence in this case that Hankins was guilty of negligence, or was careless, still you cannot render a verdict for the plaintiffs in this case, unless you further believe from the evidence that his conduct amounted to wantonness, or to an intentional or willful injury. (5) The court charges the jury that if they believe from the evidence in this case that the way was clear for the Seaboard Air Line Railway engine when the same was proceeding toward the crossing where the collison occurred and immediately before it reached the said crossing, then the engineer in charge of said engine, if he was otherwise free from negligence, had the right to reasonably indulge the presumption that no other train would approach said crossing without stopping."

DENSON & DENSON, for appellant. The testimony of Hankins that he did not see the approach of the Southern train, does not raise a material conflict in the evidence under the decision of this court.—*Peters v. So. Ry.,* 135 Ala. 540. In determining the question of wantonness vel non, the engineer is conclusively presumed to have been aware of the character of this crossing, and the conditions existing there.—*C. of Ga. v. Partridge,* 136 Ala. 596; *So. Ry. v. Stewart,* 164 Ala. 175. It was defendant's statutory duty to observe requirements where two railroads cross at grade.—Sec. 5474, Code 1907. The court erred in charging that wantonness is the moral equivalent of intention.—*B. R. L. & P. Co. v. Landrum,* 153 Ala. 204; *So. Ry. v. Benefield,* 55 South. 253; *L. & N. v. Anchors,* 114 Ala. 499; *B. R. & E. Co. v. Bowers,* 110 Ala. 331. A purpose to injure is not an ingredient of wantonness.—*So. Ry. v. Wooley,* 158 Ala. 452, and authorities supra. A wanton wrong is not the moral and legal equivalent of an intentional wrong.— *L. & N. v. Orr,* 121 Ala. 492; *L. & N. v. Anchors, supra; L. & N. v. Calvert,* 170 Ala. 572; *M. & C. v. Martin,* 117 Ala. 382. The definitions of wantonness heretofore declared by this court do not admit of the truth of the proposition asserted in the construction sub judice.— *B. R. L. & P. Co. v. Williams,* 158 Ala. 390; *B. R. & E. Co. v. Pinkard,* 124 Ala. 374; *Montgomery St. Ry. v. Lewis,* 148 Ala. 142; *M. J. & K. C. v. Smith,* 153 Ala. 131. The court erred in instructing that unless the jury believed that the engineer wantonly, willfully or intentionally took the life of decedent, then the verdict should be for defendant.—*B. R. L. & P. Co. v. Ryan,* 148 Ala. 76; *B. R. & E. Co. v. Pinkard, supra; L. & N. v. Orr, supra.* The court erred in instructing the jury as to the presumption that defendant's engineer might indulge that no other train would approach said crossing

without stopping.—*So. Ry. v. Bonner,* 141 Ala. 529; *So. Ry. v. Bryan,* 125 Ala. 309; *A. G. S. v. Hanby,* 161 Ala. 378; sec. 5474, Code 1907.

TILLMAN, BRADLEY & MORROW, for appellee. The court was not in error in giving the charges as to wantonness.—*B. R. & E. Co. v. Franscome,* 124 Ala. 624; *M. J. & K. C. v. Smith,* 146 Ala. 315; *B. R. & E. Co. v. Bowers,* 110 Ala. 331; *H. A. & B. v. Robinson,* 125 Ala. 489. Of course, if the engineer did not willfully, wantonly or intentionally take the life of decedent, then neither defendant was guilty.—*White v. State,* 84 Ala. 423. Counsel discuss the other charges given in the light of the above authorities, and insist that they were given without error.

SOMERVILLE, J.—The distinction between the mental attitudes which respectively characterize wanton negligence and willful injury has been often discussed and clearly stated in the reported decisions of this court, and repetition is unnecessary.—*L. & N. R. R. Co. v. Calvert,* 170 Ala. 565, 54 South. 184; *Adler v. Martin,* 179 Ala. 97, 59 South. 597; *Southern Ry. Co. v. Benefield,* 172 Ala. 588, 55 South. 252, 35 L. R. A. (N. S.) 420, wherein the cases are collected.

It is to be noted, however, that the terms "wanton" and "willful" relate primarily to the resulting injury, rather than to the mere act or omission which proximately produces that injury, for, considered without reference to known, probable or inevitable injury resulting, even the conscious or intentional omission of any precautionary duty is no more than simple negligence. *L. & N. R. R. Co. v. Anchors,* 114 Ala. 492, 500, 22 South. 279, 62 Am. St. Rep. 116; *M. & C. R. R. Co. v. Martin,* 117 Ala. 367, 382, 23 South. 237; *B. R. L. & P. Co. v.*

*Brown,* 150 Ala. 327, 43 South. 342; *Neyman v. A. G. S. R. R. Co.,* 172 Ala. 606, 55 South. 509.

The first and second charges complained of merely assert that a wanton wrong is the moral, or the moral and legal, equivalent of an intentional wrong. They do not assert that the essential ingredients of the two acts are the same, nor do they attempt to define them, and they fall very far short of declaring that in order to find defendants guilty of wanton wrong they must have intended to inflict the injury charged. They assert propositions of law so often repeated in the decisions of this court that they may be said to be mere truisms. —*B. R. & E. Co. v. Bowers,* 110 Ala. 328, 20 South. 345; *B. R. & E. Co. v. Franscomb,* 124 Ala. 621, 624, 27 South. 508; *H. A. & B. R. Co. v. Robinson,* 125 Ala. 483, 489, 490, 28 South. 28; *Mobile, etc., R. R. Co. v. Smith,* 146 Ala. 312, 40 South. 763.

In *L. & N. R. R. Co. v. Orr,* 121 Ala. 489, 498, 26 South. 35, 41, it was said that wantonness implies "a willingness to inflect injury," and here the only difference, so far as civil liability is concerned, is in the elements of proof. In the *Orr Case* it was properly held error to charge the jury that wantonness and willfulness were *the same* in meaning, but that is a different proposition from the one now presented, and, moreover, it is noteworthy that the charge was there held to be injurious to the defendant and not to the plaintiff.

Certainly, the most that can be fairly claimed by appellants is that the charges might have been misleading. But that is not a ground for reversal, nor could they have here misled the jury in view of the several charges given at plaintiffs' request, plainly instructing the jury that neither a will nor an intent to injure is necessary to constitute wantonness.

One who willfully or wantonly runs one locomotive engine against another, with the knowledge that the act will probably result in the death of a particular person, as charged in the complaint, is unquestionably guilty, both morally and legally, of taking that person's life, though the act is not necessarily murder. To thus *cause that person's death* cannot be distinguished, as a practical proposition, from *taking his life;* and, if counsel for plaintiffs was apprehensive that the language of the third charge might mislead the jury in that respect, an explanatory charge should have been requested. There was no error in giving the charge as framed.

The fourth charge merely requires proof by plaintiffs of the allegations of their complaint, and was properly given. It may be conceded that, so far as the alternative of intentional or willful injury is concerned, the charge was abstract; but this was favorable to plaintiffs, and of it they cannot complain.

When a train approaches a crossing where its line intersects with the line of another railroad, and no train on that other line is approaching the crossing in dangerous proximity thereto—that is, so near and at such a rate of speed as to indicate either a purpose to cross without stopping or an inability to stop before reaching it—its engineer and conductor may presume that other trains approaching the crossing will comply with the law and stop before reaching the crossing, and may rely upon their doing so. This is a well-settled principle of law.—*B. M. R. R. Co. v. Jacobs,* 101 Ala. 149, 158, 13 South. 408; *So. Ry. Co. v. Bryan,* 125 Ala. 297, 306, 28 South. 445; *A. G. S. R. R. Co. v. Hanbury,* 161 Ala. 358, 376, 49 South. 467. This, of course, does not excuse those in charge of a train from the duty of themselves complying with the law and exercising all due

care and diligence to avoid collisions with other trains. Id.

Tested by these principles, the fifth charge was free from error. It does not predicate defendant's nonliability by reason of the stated presumption, but merely justifies that presumption by the engineer Hankins if he *found the crossing clear just* immediately before he reached it, and if he was *otherwise free from negligence.* It is too patent for serious denial that the condition last quoted leaves to the jury the whole question of Hankins' negligence vel non in the matter of stopping his train within 100 feet of the crossing; in discovering the approach of the other train; in perceiving that it could not or would not stop before reaching the crossing; and, in short, in doing or omitting anything in violation of his duty under the statutes or under the rule of due care and diligence under the circumstances. Whether or not Hankins was negligent in any of these particulars was a disputed question of fact, and was properly submitted to the jury. And, if it were not disputed, this would merely render the charge abstract, and not erroneous.

The fact that another suit to recover damages for intestate's death, as the result of this collision, was presently pending between these plaintiffs and the Southern Railway Company, was before the jury. We see no impropriety in the instruction given to the jury at defendant's instance that, whatever their verdict might be in this case, plaintiffs would not be precluded from prosecuting suit against the other company. The charge stated a correct proposition of law, and was in no sense an invitation to the jury to render a false and prejudicial verdict. It merely informed them that the two cases were not dependent upon each other, and that in deter-

mining the instant case they were not determining also the other case.

We do not affirm that the trial court was bound to give such a charge, but we are satisfied that giving it was not prejudicial.

Finding no error in the record, the judgment will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.