5 So.2d 71

## PORTERFIELD et al. v. LIFE & CASUALTY CO. OF TENNESSEE.

### 6 Div. 844.

Supreme Court of Alabama.

Dec. 18, 1941.

Sydney F. Keeble, of Nashville, Tenn., and Chas. H. Peay, and Smyer, Smyer & Bainbridge, all of Birmingham, for appellee.

* * *."

Hugh A. Locke and Frank M. James, both of Birmingham, for appellants.

LIVINGSTON, Justice.

The Life & Casualty Company of Tennessee, a corporation, the defendant in the court below and appellee here, owned an apartment house located on Lakeshore Drive in Jefferson County, Alabama, and known as Lakeshore Apartments. The apartment house was destroyed by fire on the night of December 23, 1937.

Mrs. Clara N. Porterfield and eleven other tenants and lessees of the defendant, who occupied apartments in the Lakeshore Apartments at the time it was destroyed, filed their separate suits against the defendant in the Circuit Court of Jefferson County, Alabama, claiming damages for the destruction of and injury to their personal property located in the Lakeshore Apartments. The cases were consolidated and tried at one and the same time.

For the purpose of abridging the record on the appeal in each of the above cases, the parties entered into an agreement, in part, as follows:

"It is hereby agreed by and between said attorneys of record that the pleadings, including the complaint, together with all amendments thereto, the demurrer, and the amendments thereto, and the rulings thereon, the verdict of the jury, the written affirmative charge requested by the defendant and given to the jury by the court, and the judgment of the court in the Clara N. Porterfield case are all the same and identical with the pleadings, demurrer, the verdict of the jury, the written affirmative charge given at the request of the defendant and the judgment of the court in each of the other cases on this appeal, except that the items of damages claimed in the complaint as amended in each of the respective cases were as set forth in the bill of exceptions."

The complaint in the case of Clara N. Porterfield contains three counts A-1, B-1 and C-1. For answer to the complaint and to each and every count thereof, as last amended, the defendant pleaded in short by consent the general issue, with leave, etc.

The trial court gave the general charge for the defendant, hence this appeal.

On former appeal, the case of Life & Casualty of Tennessee v. Clara N. Porterfield, involving the same matters and things, resulted in reversal. 239 Ala. 148, 194 So. 173. On remandment, the plaintiff amended her complaint by adding counts A-1, B-1 and C-1, and striking out or withdrawing all other counts.

Counts A-1 and B-1 are substantially the same as counts A and D, which are set forth at length in the opinion rendered on former appeal, and are based on simple negligence.

This Court held in that case that sections 7 and 9 (set out in the opinion) of the lease contract between the parties were an effective bar to plaintiffs' right to recover for simple negligence. We have again considered the question and are convinced that the holding on former appeal is correct and should not be disturbed.

Count C-1, which appears in the report of the case, is founded on the willful and wanton injury to and destruction of plaintiffs' personal property by the defendant's agents, servants or employees acting in the line and scope of their authority as such. The complaint is that act or acts were willfully and wantonly done, not willfully or wantonly. This Court in the case of Adler v. Martin, 179 Ala. 97, 59 So. 597, 600, speaking through Justice Somerville, said:

"While in legal effect, for some purposes, wantonness is the equivalent of willfulness. (Mobile, J. & K. R. Co. v. Smith, 146 Ala. 312, 40 So. 763; Montgomery St. R. Co. v. Lewis, 148 Ala. 134, 142, 41 So. 736), yet there is a difference in the two mental attitudes thus described, and the proof that may suffice to show the one may fall short of showing the other. Birmingham R., L. & P. Co. v. Ryan, 148 Ala. 69, 76, 41 So. 616. This distinction is clearly indicated by the definitions given in Birmingham R. & Elec. Co. v. Bowers, 110 Ala. 328, 20 So. 345, Louisville & N. R. R. Co. v. Anchors, 114 Ala. 492, 498, 22 So. 279, 62 Am.St. Rep. 116, Birmingham R. & Elec. Co. v. Pinckard, 124 Ala. [372], 375, 26 So. 880, Peters v. Southern Ry. Co., 135 Ala. 533, 536, 33 So. 332, Memphis & C. R. Co. v. Martin, 117 Ala. 367, 23 So. 231, and numerous other cases. 'A partial employment of available means, evincing some degree of care, is not sufficient' to disprove wanton negligence. Birmingham R. & Elec. Co. v. Pinckard, 124 Ala. 375, 26 So. 881. But such efforts might, in particular cases, be

regarded as conclusive of the absence of an intention to injure. * * *

"If the failure of the chauffeur to observe the course of intestate after he left the sidewalk, and to be prepared to avoid a collision with him, if he should heedlessly proceed into the line of danger, might support the inference that he was wantonly indifferent to such a catastrophe, nevertheless it cannot, in view of all the evidence, support the inference that he intentionally, i.e., purposely and designedly, ran his car against intestate."

And in Central of Georgia R. Co. v. Corbitt, 218 Ala. 410, 118 So. 755, 756, it is declared: "To constitute willful or intentional injury there must be a knowledge of the danger accompanied with a design or purpose to inflict injury, whether the act be one of commission or omission, while in wantonness this design or purpose may be absent, and the act done or omitted with knowledge of the probable consequence, and with reckless disregard of such consequence. Alabama G. S. R. Co. v. Moorer, 116 Ala. 642, 22 So. 900; Birmingham R. & E. Co. v. Bowers, 110 Ala. 328, 20 So. 345; Louisville & N. R. Co. v. Anchors, Adm'r, 114 Ala. 492, 22 So. 279, 62 Am.St.Rep. 116."

The question presented by the giving of the general charge for the defendant as to count C-1 demands that we review and sit in judgment upon the evidence pertinent to this inquiry. This we have undertaken to do, and we cannot escape the conclusion that whether the jury believed the plaintiffs' witnesses or not, there is nothing in the evidence from which it may be fairly inferred that the defendant's agents, servants or employees willfully, that is, intentionally and designedly injured or destroyed plaintiffs' personal property.

The trial court committed no error in giving the general charge for the defendant. For like reason, the general charge was due the defendant in the other cases tried.

The judgments in all the cases presented by this record are due to be and are affirmed

Affirmed.

GARDNER, C. J., BOULDIN, and FOSTER, JJ., concur.