**Dewey DOUCET et al., Appellants,**

v.

**Stanley H. MIDDLETON, Appellee.**

No. 20143.

United States Court of Appeals
Fifth Circuit.

Feb. 7, 1964.

Kilborn, Darby & Kilborn, Mobile, Ala., Benjamin H. Kilborn, Mobile, Ala., of counsel, for appellants.

Alex T. Howard, Jr., Mobile, Ala., McCorvey, Turner, Johnstone, Adams & May, Mobile, Ala., of counsel, for appellee.

Before RIVES, WISDOM and GEWIN, Circuit Judges.

RIVES, Circuit Judge.

In Alabama must an action for willful or wanton injury to the person, or to personal property, be brought within one year,[1] or within six years?[2]

Four complaints based on diversity jurisdiction, all arising out of an automobile collision, were filed against the defendant, Stanley H. Middleton. One of the plaintiffs was Dewey Doucet, the owner and driver of the other automobile who sought to recover both for injuries to his person and for damages to his automobile. The other three plaintiffs were passengers in Doucet's car, who sued for personal injuries. The collision occurred on a highway in Baldwin County, Alabama, on July 29, 1960, and the complaints were filed on February 14, 1962, well within six years but more than one year after the collision.

Each complaint was in two counts, the first charging simple negligence, and the second a willful or wanton injury.[3]

The plaintiffs concede that the first or simple negligence count of each complaint is barred by the one year statute of limitations (n. 1, supra). The district court held that the second or willful or wanton count was also barred by the one year statute of limitations.[4]

There is, and can be, no contention but that under Alabama law a com-

---

1. Under Section 26 of Title 7, 1940 Code of Alabama, in pertinent part as follows:
   "Limitation of one year.—The following must be commenced within one year:
   " * * *
   "Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated."

2. Under Section 21 of the same Title in pertinent part as follows:
   "Limitation of six years.—The following must be commenced within six years:
   "Actions for any trespass to person or liberty, such as false imprisonment, or assault and battery.
   "Actions for any trespass to real or personal property."

3. The second count of Doucet's complaint alleged that " * * * the defendant willfully or wantonly injured the plaintiff by willfully or wantonly causing or allowing the vehicle he was then and there driving to be driven upon or against the plaintiff's said vehicle." Doucet's complaint charged that as a proximate result his automobile was damaged and he received personal injuries. The second count in each of the passengers' cases was worded similarly but claimed only injuries to the person.

4. The form of the holding was a denial of the plaintiffs' motion to strike the pertinent part of defendant's answer. Appeals were permitted under 28 U.S.C.A. § 1292(b), and thereafter consolidated.

plaint alleging that a defendant willfully or wantonly injured a plaintiff's person or property is in trespass rather than trespass on the case.[5] For many years it was impossible to join the master and servant as defendants in an action seeking to recover for a willful or wanton injury committed by the servant, because the count would be trespass against the servant and trespass on the case against the master.[6] To permit the master and servant to be joined in such actions, the Alabama Legislature in 1947 enacted what now appears as section 138(1) of Title 7 of the Code of Alabama.[7] In Louisville & Nashville Railroad Co. v. Johns, 1958, 267 Ala. 261, 101 So.2d 265, 74 A.L.R.2d 499, the Supreme Court of Alabama held that statute invalid, and quoted at length from a previously unpublished opinion [8] in part as follows:

" ' "With respect to the act in question, briefly speaking, it authorizes the joinder in the same count, a cause of action in trespass against one defendant and one in case against another defendant jointly sued. To permit that would result in many incongruities and would upset principles which are controlling in the orderly procedure of court, as we will undertake to show. '

" ' "Trespass and case are not defined by statute. Their elements are of common law origin. Trespass is one of the ancient writs. Case arose to meet a situation not covered by any of those writs. Trespass is of three aspects: (1) *vi et armis* (personal injuries by force directly applied); (2) *de bonis asportatis* (the carrying away of the goods of another); (3) *quaere clausum fregit* (direct injuries to the freehold).

" ' "They all carry the necessary element of an intentional (or wanton, its equivalent in law), direct application of force by the defendant or under his authority. Unless there is such direct force, there can be no trespass in any aspect.

" ' "*Case* is when injury occurs to the person or property of another when as to the defendant so charged there is no intentional direct application of force, but either a negligent unintentional application, or

5. Southern Railway Company v. Yancy, 1904, 141 Ala. 246, 37 So. 341; Central of Georgia Railway Company v. Freeman, 1904, 140 Ala. 581, 37 So. 387; Newberry v. Atkinson, 1913, 184 Ala. 567, 64 So. 46; Louisville & Nashville Railroad Co. v. Johns, 1958, 267 Ala. 261, 101 So.2d 265, 74 A.L.R.2d 499; Decatur Petroleum Haulers v. Germany, 1958, 268 Ala. 211, 105 So.2d 852.

6. City Delivery Co. v. Henry, 1903, 139 Ala. 161, 34 So. 389; Southern Railway Company v. Hanby, 1910, 166 Ala. 641, 52 So. 334; Interstate Lumber Company v. Duke, 1913, 183 Ala. 484, 62 So. 845; Louisville & Nashville Railroad Company v. Abernathy, 1916, 197 Ala. 512, 73 So. 103; Crotwell v. Cowan, 1940, 240 Ala. 119, 198 So. 126.

7. "§ 138(1). *Actions against persons, etc., and their agents or employees.*— In any civil action against any person, firm or corporation, or against any person, firm or corporation and any agent, servant or employee of such person, firm or corporation, involving any act or conduct of an agent, servant or employee of

such person, firm or corporation, whether such act or conduct was negligent, wanton, intentional or willful, it shall be proper and permissible to join the agent, servant or employee as a defendant and to state the cause of action against all defendants in the same count, and such pleading, practice and procedure shall not be deemed to be a misjoinder of parties or of causes of action even though the action against one defendant be trespass on the case and the action against another defendant be an action of trespass. In any such action it shall be permissible to allege in any pleading that any party or parties committed an act, and proof that any such party or parties committed such act by or through an agent, servant or employee acting within the line and scope of his employment shall be sufficient proof of such allegation."

8. Birmingham Transit Co. v. Persons, 1957 (see 266 Ala. 406, 96 So.2d at 673), which in turn quoted from an unpublished opinion in Sibley v. Odum (see 257 Ala. 292, 58 So.2d 896).

when the act was intentionally committed by one who is guilty of a trespass, but the defendant is legally responsible for such willful act of the other on such principle as *respondeat superior*. In that event the one is guilty of a trespass and for such trespass the other is responsible in case, because he did not commit a trespass and there was no writ which provided a remedy.

" ' "The effect of this act of the legislature is to provide that when these two respective claims exist they may be united in a suit and in the same count against the one who committed the trespass and the one who is consequentially responsible, both jointly sued. The act further provides that if the count alleges the commission of a trespass it may be established by proof of a claim in case. Incongruous situations would thereby result:

" ' "One committed a trespass, the other did no wrong. There can be no separate judgments against defendants in different amounts. The judgment against them must be a certain sum against them jointly. Yet one may have done a vicious and intentional act, and the other was not a party to it, though legally responsible. City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276. In any event the claim against them each separately is on a different theory of liability and is not joint, though they are jointly sued. It is incongruous for a count to mean one thing against one defendant and another against the other defendant,

jointly sued. They will not mix. The law cannot make oil and water mix.

" ' "*Moreover, there is a different statute of limitations applicable to the same count as to a trespass charge and to a case charge. One is six years, the other one year.* A count cannot be susceptible to different periods of limitations as to different defendants jointly sued.

" ' "We doubt not that the legislature may do away with one or the other form of action and make a form of action suffice regardless of whether the ancient distinction is carried forward. But in doing so, it should state whether the new action shall be called trespass or case, affix a limitation to it, and do away with the common law distinctions and requirements as to each separately and make provisions about contributory negligence. But this act recognizes the continued existence of both with their respective inherent qualities and distinctions and tries to unite them in one suit in which they cannot unite. There must be but one form of action in a single count, and it must be clear what that form is and what are its qualities, limitations and elements." ' " (Emphasis supplied.)

101 So.2d at pp. 280, 281.

To meet the unpublished opinions in Sibley v. Odum and in the Birmingham Transit Company case, supra n. 8, the Alabama Legislature had in 1957 enacted what is now section 176 of Title 7 of the Code of Alabama.[9] Thus, the Ala-

9. In pertinent part:
"§ 176(1). *Agent or servant may be joined with principal or master in same count.*—It shall be proper and permissible in all civil actions wherein a principal or master is sought to be held liable for the act or conduct of his agent, servant or employee under the doctrine of respondeat superior, for the plaintiff to join the agent, servant or employee as a defendant in the same count whether the act or conduct of the agent, servant or

employee is alleged to have been negligent, wanton, intentional or willful.
"§ 176(2). *Actions for injury to person or property must be commenced within one year.*—All such actions brought to recover damages for injury to the person or property of another must be commenced within one year from the time of the injury.
" * * *
"§ 176(4). *Against whom recovery may be had.*—In all such actions recovery

bama Legislature found it necessary "to create a form of action known as the statutory suit against principal and agent or master and servant, etc.," and to prescribe the limitations applicable to such an action. Further, the Act provided that, "In all such cases, *but in no other*, the ancient distinctions between trespass vi et armis and trespass on the case are abolished." (Emphasis supplied.)

The Supreme Court of Alabama in the Johns case, supra, and the Legislature of Alabama in enacting what is now section 176 of Title 7 of the Code of Alabama clearly recognized that an action against a defendant for a willful or wanton injury committed by the defendant himself was in trespass and was covered by the six year statute of limitations, now section 21 of Title 7 of the Alabama Code, the pertinent part of which is quoted in footnote 2, supra.

■ The defendant, appellee, argues that the six year statute of limitations in Alabama is not applicable to all actions for trespass to the person, but only to such actions as are intentional. He bases that argument on the last clause in the description of the actions in section 21, footnote 2, supra:

"Actions for any trespass to person or liberty, *such as false imprisonment, or assault and battery.*" (Emphasis supplied.)

The defendant concedes, as he must, that the Supreme Court of Alabama

found no such distinction in the Johns case, supra, and argues flatly that,

"The Supreme Court of Alabama mistakenly assumed that the statute of limitations of six years applied to all actions for trespass. The author of this dictum apparently neglected to check the six year statute to determine whether such statute was applicable to all actions for trespass to the person. This is understandable, as the question in our instant cases was not before the Supreme Court of Alabama in the Johns case and we submit that our instant question has never been decided by that Court.

"* * *

"I submit that the author of the opinion in the Johns case, supra, was wholly unaware of the wording of Title 7, section 21, supra, when such opinion was written."

We cannot accept that argument, especially in the light of the legislative recognition of that part of the Sibley v. Odum and Birmingham Transit Company opinion adopted by the Johns decision.

■ Further, the reference to the statute of limitations in Johns was not mere obiter dictum, as defendant claims, but was an important part of the ratio decidendi of the case. However, even if the defendant was correct in referring to that part of the Johns opinion as dictum, it is nonetheless binding on this Court under the Erie [10] doctrine.

may be had against the agent, servant or employee although no recovery is had against the principal or master, but there shall be no recovery against the principal or master unless there is a recovery against the agent, servant or employee.

"§ 176(5). *Defense of contributory negligence.*—In all such actions where the conduct or act of the servant, agent or employee is alleged to have been negligent, the defense of contributory negligence shall be available to each of the defendants, but where the conduct or act of the servant, agent or employee is alleged to have been wanton, intentional or willful the defense of contributory negligence cannot be interposed.

"§ 176(6). *Distinction between trespass and case abolished; statutory form of action created.*—In all such cases, but in no other, the ancient distinctions between trespass vi et armis and trespass on the case are abolished, it being the purpose of this article to create a form of action known as the statutory suit against principal and agent or master and servant so as to permit a plaintiff to sue the principal and agent or the master and servant jointly where the plaintiff's cause of action is grounded on the act or conduct of the agent, servant or employee while acting within the line and scope of his authority."

10. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

"The obligation to accept local law extends not merely to definitive decisions, but to considered dicta as well, and if explicit pronouncements are wanting, the federal court should endeavor to discover the law of the state on the point at issue by considering related decisions, analogies, and any reliable data tending convincingly to show what the state rule is."

1A Moore's Federal Practice, p. 3312. Even in the era of Swift v. Tyson, 1842, 16 Pet. 1, 10 L.Ed. 865, federal courts were bound to follow state court decisions on construction of state statutes.[11] Speaking of such a statutory construction, the Supreme Court, through Mr. Justice Cardozo, said:

"* * * At least it is a considered dictum, and not comment merely *obiter*. It has capacity, though it be less than a decision, to tilt the balanced mind toward submission and agreement. * * * In controversies so purely local, little gain is to be derived from drawing nice distinctions between dicta and decisions. Disagreement with either, even though permissible, is at best a last resort, to be embraced with caution and reluctance. The stranger from afar, unacquainted with the local ways, permits himself to be guided by the best evidence available, the directions or the counsel of those who dwell upon the spot."

Hawks v. Hamill, 1933, 288 U.S. 52, 59, 60, 53 S.Ct. 240, 243, 77 L.Ed. 610; see also New York Life Ins. Co. v. Schlatter, 5 Cir. 1953, 203 F.2d 184, 187.

The absence of a more direct holding by the Supreme Court of Alabama than the Johns case may seem surprising. We are not advised as to rulings by State trial courts on the question, but we do find a ruling by the United States District Court for the Middle District of Alabama, Judge Frank M. Johnson, Jr., on October 5, 1962, in line with our present holding.[12]

11. Supreme Lodge Knights of Pythias v. Meyer, 1924, 265 U.S. 30, 32, 44 S.Ct. 432, 68 L.Ed. 885.

12. Dixon v. Hood, C.A. No. 1843-N, M.D. Ala.

The complaint, filed September 5, 1962, was for personal injuries proximately resulting from wanton conduct alleged as follows:

"2. On March 12, 1961 plaintiff was operating an automobile along U.S. Highway 31, a public highway in Montgomery County, Alabama, at a point thereon, to wit, 1.3 miles south of the city limits of Montgomery, Alabama. On said date at said place the defendant so wantonly operated a motor vehicle as to cause the same to collide with the automobile being so operated by plaintiff."

The defendant Hood pleaded: "This action is barred by the Alabama Statute of Limitations of one year, Title 7, section 26, Code of Alabama."

On October 5, 1962, the court entered the following order:

"This cause is now submitted upon the plaintiff's motion, made orally during the course of the pretrial hearing conducted in this case on September 28, 1962, seeking to have this Court strike the plea of the statute of limitations interposed herein by the defendant. The theory of the defendant in interposing said plea is that plaintiff's action is for an 'injury to the person' within the meaning of Title 7, § 26, 1940 Code of Alabama. The theory of the plaintiff in contending that the plea should be stricken in this case, where the wanton misconduct and wanton injuries that form the basis for this suit occurred on March 12, 1961 and the action was not filed until September 5, 1962, is that the action sounds in trespass and is, therefore, controlled by the six-year statute of limitations provided in § 21 of Title 7, 1940 Code of Alabama. The defendant in this case concedes that where a case is based on the willful misconduct of a party the action is one sounding in trespass as opposed to one sounding in case and the six-year statute of limitations is applicable. There are no Alabama cases directly on the point. However, the Alabama Supreme Court in Mobile J. & K. C. R. Co. v. Smith, 146 Ala. 312, 315; 40 So. 763, 764 (1906), held that wantonness is the legal equivalent of willfulness. Again, the Alabama Supreme Court in Louisville & Nashville Railroad Company v.

While the Johns case is controlling, other considerations tend to the same result.

Defendant's argument that the six year statute applies only to such actions for trespass to the person as are actually intentional cannot even be attempted as to actions for trespass to property, for there the description is not followed by the "such as" illustrations which form the basis for that argument but is simply "[a]ctions for any trespass to real or personal property." Section 21, Title 7 of the Code of Alabama, n. 2, supra. It would seem incongruous for the Legislature of Alabama to allow six years for the commencement of an action for trespass to property and only one year for trespass to person. As applied to Doucet's complaint, it would be anomalous to hold that his action for personal injuries is barred by limitations but that he may prosecute his action for damages to his automobile.

Clearly, the present actions for willful or wanton injury are not barred by the one year statute of limitations, but are within the six year statute. The judgments are therefore reversed and the causes remanded.

Reversed and remanded.

Johns, 267 Ala. 261 (1958) ; 101 So. 2d 265, 280 [74 A.L.R.2d 499], in making reference to trespass actions, stated:
" 'They all carry the necessary element of an intentional (or wanton, its equivalent in law), direct application of force by the defendant or under his authority.' It should be noted that in the Johns case, the plaintiff charged the defendant with 'willfully or wantonly' injuring the plaintiff. A discussion relating to the pleading of wanton misconduct in Alabama, while not directly in point sheds some light on this question, is 'Pleading Wanton Misconduct in Alabama,' by M. Leigh Harrison, Alabama Law Review, Vol. 1, No. 2, 1949.

"This Court is of the conclusion that plaintiff's action in this case based upon the wanton misconduct of the defendant is, according to the Alabama Supreme Court, one sounding in trespass and hence governed by the Alabama

six-year statute of limitations. In arriving at this conclusion, this Court recognizes that there is probably better reasoned authority to the contrary; for instance, Touhey [Tuohey] v. Martinjak, 177 Atl. 721, 119 Conn. 500.

"In consideration of the foregoing, it is the ORDER, JUDGMENT and DECREE of this Court that the motion of the plaintiff, seeking to have this Court strike the defendant's plea of the statute of limitations, be and the same is hereby granted. It is ORDERED that the second defense in the answer of the defendant, filed hereon on September 24, 1962, be and the same is hereby stricken.

"Done, this the 5th day of October, 1962."

Apparently, there was a settlement, for on November 7, 1962, on stipulation of the parties, the case was dismissed with prejudice, costs taxed against defendant.