ROBERT A. CHAISSON, Judge.
^Defendant, Bernal Aguilar, appeals his convictions and sentences for driving while intoxicated, second degree feticide, and first degree vehicular negligent injuring. For the reasons that follow, we affirm defendant’s convictions and sentences, as amended, and remand the matter for correction of errors patent as noted herein.

PROCEDURAL HISTORY

On March 21, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant with operating a motor vehicle while intoxicated, fifth offense, in violation of LSA-R.S. 14:98(A)(E) (count one), and possession of a legend drug without a prescription, in violation of LSA-R.S. 40:1238.1 (count two). At the arraignment, defendant pled not guilty.
|sOn August 16, 2012, defendant filed a motion to quash three of the predicate convictions used as the basis for the fifth offense driving while intoxicated charge. After a hearing, the trial court granted his motion to quash two of the predicate convictions. In particular, the trial court quashed defendant’s February 19, 2003 *864 and April 24, 2003 predicate driving while intoxicated convictions on the basis that the trial court failed to inform him during those guilty pleas of the possible enhanced penalties for subsequent driving while intoxicated convictions.
The State thereafter filed a writ application in this Court seeking review of the trial court’s granting of defendant’s motion to quash. On April 17, 2013, this Court granted the State’s writ application, reversed the trial judge’s ruling granting the motion to quash defendant’s two 2003 convictions, and remanded the matter for further proceedings. State v. Aguilar, 13-K-63 (La.App. 5 Cir. 4/17/13) (unpublished writ disposition).
On April 25, 2013, the bill of information was amended to add two additional counts. The State charged defendant, in count three, with the killing of an unborn female child while operating a motor vehicle while intoxicated, in violation of LSA-R.S. 14:32.7, and, in count four, with inflicting serious bodily injury while operating a motor vehicle under the influence of alcohol, in violation of LSA-R.S. 14:39.2. On April 29, 2013, defendant was arraigned on the amended bill and pled not guilty.
On November 6, 2013, after being advised of his rights, defendant withdrew his not guilty pleas and pled guilty as charged to counts one, three, and four.[1] The trial judge sentenced defendant to imprisonment at hard |4labor for twenty years without benefit of parole, probation, or suspension of sentence on count one; imprisonment at hard labor for ten yeárs on count three; and imprisonment at hard labor for five years on count four, with the sentences to run concurrently. On July 29, 2014, the district court granted defendant’s motion for an out-of-time appeal.

ANDERS BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
When an Anders brief has been filed, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendánt’s conviction and sentence. State v. Bradford, 676 So.2d at 1110.
In this case, defendant’s appellate counsel has complied with the procedures for filing an Anders brief. She reviewed the procedural history of the case in her brief and noted the lack of facts in the record in light of defendant’s guilty pleas. She then set forth that, after a careful review of the record, she has found no non-frivolous issues to raise on appeal. In her brief, defendant’s appellate counsel asserts that there was no ruling of the trial court to be challenged, that this was not a plea under *865 State v. Crosby, 338 So.2d 584 (La.1976), and that there were no prejtrial5 motion hearings other than the motion to quash the prior offenses. She notes that she considered whether to raise the issue of the denial of the motion to quash the prior offenses, but this Court had previously reversed the decision of the trial court which granted the motion to quash two of the predicate convictions. In her Anders brief, appellate counsel also states that she could find no issues to raise with regard to defendant’s guilty pleas and sentences. In particular, she notes that the trial court conducted a proper colloquy with defendant and that the sentences were imposed in conformity with the. plea agreement.
Along with her brief, defendant’s appellate counsel has filed a motion to withdraw as attorney of record which states that she has prepared an appellate brief in compliance with Anders and that she has notified defendant of the filing of this motion and of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until November 14, 2014, to file a supplemental brief. Defendant has filed a pro se brief, in which he challenges the validity of his guilty plea to second degree feticide as well as the validity of some of the predicate convictions that were used for driving while intoxicated sentence enhancement.
This Court has performed an independent review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged.- It also sufficiently identified defendant and the crimes charged. See LSA-C.Cr.P. arts. 464-66. Also, as reflected by the minute entries, defendant and his counsel ^appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea, and sentencing.
Further, defendant pled guilty. A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079 (La.App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects are waived. Further, no rulings were preserved for appeal under the holding in State v. Crosby, supra.
Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[3] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record reveals no constitutional infirmity in defendant’s guilty pleas. The record shows that defendant was aware he was charged with and pleading guilty to fifth offense driving while intoxicated, the unlawful killing of an unborn female child while operating a motor vehicle while intoxicated, and the infliction of serious bodily injury upon Ebony Bernard while operating a motor vehicle *866 under the influence.[4] On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. Defendant signed the [ 7waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.
During his guilty plea colloquy, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant was informed during the colloquy of the actual sentences that would be imposed if his guilty pleas were accepted. He was informed in the waiver of rights form of the maximum and minimum sentences that could be imposed and the actual sentences that would be imposed if his guilty pleas were accepted. After the colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, and voluntarily made.
With regard to defendant’s sentences, we note that they were imposed in accordance with the plea agreement.[5] This Court has consistently recognized that LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sen-fence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In addition, defendant’s sentences fall within the sentencing ranges set forth in the statutes. See LSA-R.S. 14:98(A)(E); LSA-R.S. 14:32.7; LSA-R.S. 14:39.2.
Based on the foregoing, we find that defendant’s guilty pleas and the sentences .imposed pursuant to the plea agreement do not present any issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and | scannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record. We now turn our attention to the issues raised in defendant’s pro se brief.[6]

PRO SE ASSIGNMENTS OF ERROR

In two of his pro se assignments, defendant complains about his guilty plea to second degree feticide. Defendant argues that the State abused the charging process by charging and allowing him to plead guilty to a more serious offense (see- *867 ond degree feticide rather than third degree feticide) which did not apply to the facts surrounding the incident. He contends that the State did this to give him a harsher sentence (ten years rather than five years) and to avoid a double jeopardy violation since he claims driving while intoxicated and third degree feticide both require the finding of alcohol and intoxication.
We first note that the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district and determines whom, when, and how he shall prosecute. See LSA-C.Cr. P. art. 61; State v. Williams, 12-68 (La.App. 5 Cir. 10/09/13), 128 So.3d 359, 369. Further, it is clear from the record that defendant was aware of the nature of the charge to which he was pleading, and that he entered his plea knowingly and voluntarily. To the extent that he is complaining that the facts do not support a charge of second degree feticide, we note that a plea of guilty by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. Therefore, a defendant cannot challenge the sufficiency of the evidence after he pleads guilty. State v. Smith, 07-815 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 824 n. 3, writ denied, 08-927 (La.11/14/08), 996 So.2d 1088. In any event, a review of the merits of defendant’s assignments relating to the sufficiency of the evidence for his guilty plea to second degree feticide is impossible considering that the underlying facts regarding the incident in question were not elicited at a trial or motion hearing.
In his remaining pro se assignment of error, defendant argues that the guilty plea form and minute entry pertaining to the April 23, 2002 predicate conviction were constitutionally infirm and not suitable for driving while intoxicated sentence enhancement since those documents fail to reflect that he was informed of and waived his right to a trial by jury. He contends that without the Boykin colloquy, the burden of proof was not met by the State. Defendant also argues that the April 24, 2003 predicate conviction could not be used for driving while intoxicated sentence enhancement since his sentence was deferred and no Boykin colloquy or sentencing ever took place. Lastly, he asserts that the December 10, 1999 predicate conviction could not be used for driving while intoxicated sentence enhancement because he was unrepresented during that plea, and the State did not prove a valid waiver of counsel.
As stated previously, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, supra. Defendant’s assignment pertains to alleged non-jurisdictional defects occurring prior to the guilty pleas. As such, defendant, by entering an unqualified guilty plea, waived his right to review of these alleged non-jurisdictional defects.
Additionally, in State v. Pertuit, 98-1264 (La.App. 5 Cir. 4/27/99), 734 So.2d 144, 147, this court held that a motion to quash is the proper vehicle to |inchallenge the constitutional validity of a prior driving while intoxicated guilty plea. Although defendant filed a motion to quash in the trial court after his guilty pleas, it is untimely. See State v. Wise, 14-378 (La.App. 5 Cir. 10/15/14), — So.3d -.
Accordingly, we find no merit to the arguments raised by defendant in his pro se assignments of error.

ERROR PATENT REVIEW

We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. *868 art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and have identified two errors that require corrective action.
First, the trial judge ordered that the entire twenty-year sentence on count one be served without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:98(A)(E)(l)(a) provides that two years of the sentence shall be imposed without benefit of parole, probation, or suspension of sentence. Accordingly, we amend the sentence to delete the restrictions on benefits on all but two years of the twenty-year sentence, and in accordance with this amendment, we direct the trial court to correct the commitment. State v. Richard, 12-310 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, 94, writ denied, 13-1220 (La.12/2/13), 126 So.3d 497.
Second, the State of Louisiana Uniform Commitment Order reflects that the date of offense on counts one, three, and four was December 5, 2011. However, the bill of information and factual basis reflect that although the date of offense on count one was December 5, 2011, the date of offense on counts three and four was March 3, 2013. To ensure accuracy in the record, we remand this case for correction of the uniform commitment order to reflect the correct date of the offenses. We direct the trial court to make the appropriate entry on the uniform Incommitment order reflecting this change and direct the Clerk of Court to transmit the original of the corrected uniform commitment order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ legal department. See LSA-C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam); State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
For the reasons set forth herein, defendant’s convictions and sentences, as amended, are affirmed. This case is remanded for correction of the uniform commitment order as noted herein. Additionally, appellate counsel’s motion to withdraw is granted.

CONVICTIONS AND SENTENCES, AS AMENDED, AFFIRMED: REMANDED WITH INSTRUCTIONS: MOTION TO WITHDRAW GRANTED

. On February 3, 2014, count two of the bill of information was dismissed.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per cu-riam ).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Although the trial judge stated during the colloquy that defendant was pleading guilty to fourth offense driving while intoxicated, and defendant agreed that he was pleading guilty to fourth offense driving while intoxicated, it is clear from the bill of information, the factual basis, and the guilty plea form that defendant was aware that he was actually pleading guilty to fifth offense driving while intoxicated. Additionally, LSA-R.S. 14:98(E) provides penalties for a conviction of "a fourth or subsequent offense.”

. It is noted that defendant was erroneously advised in the plea agreement that the maximum sentence he could receive on count three was thirty years, the minimum sentence he could receive was ten years, and that he would be sentenced to twenty years; however, LSA-R.S. 14:32.7 provides a sentence of not more than ten years. Nevertheless, defendant was advised during the colloquy that he would be sentenced to ten years on that count, which is within the sentencing range, and he was sentenced to ten years on that count.

. The official district court record reflects that defendant filed a motion to quash the bill of information in the trial court on October 17, 2014, raising the same issues he argues on appeal, and that the trial judge denied that motion on October 21, 2014.