NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

19-814

STATE OF LOUISIANA

VERSUS

BRADLEY JAMES BOUDREAUX
A/K/A BRADLEY BOUDREAUX

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 17-840
HONORABLE SUZANNE M. DEMAHY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Phyllis M. Keaty, and Van H. Kyzar, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

**Bruce G. Whittaker**
**Louisiana Appellate Project**
**1215 Prytania Street, Suite 332**
**New Orleans, LA 70130**
**(504) 554-8674**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Bradley James Boudreaux**

**M. Bofill Duhe**
**District Attorney**
**Sixteenth Judicial District**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Kyzar, Judge.**

Defendant, Bradley James Boudreaux, was charged by bill of information filed on August 11, 2017, with attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1; second degree kidnapping, a violation of La.R.S. 14:44.1(A)(3); and domestic abuse battery by strangulation, a violation of La.R.S. 14:35.3(C)(L). On September 10, 2018, Defendant pled guilty to attempted second degree murder. As part of the plea, the State agreed to a sentencing cap of forty years, not to charge Defendant as a habitual offender, and to dismiss the remaining charges. Defendant was sentenced on January 10, 2019, to serve twenty years at hard labor, to run concurrently with the sentence imposed for second degree battery in trial court docket number 17-839.[1] Defendant filed a Motion to Reconsider Sentence on February 7, 2019. A hearing on the motion was held on August 13, 2019, and the motion was denied. A Motion for Appeal was filed on September 13, 2019, and was subsequently granted.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests this court grant his accompanying motion to withdraw. Defendant was advised, via certified mail, that counsel filed an *Anders* brief, and he was given until February 3, 2020, to file a pro se brief. No pro se brief was filed. For the following reasons, Defendant's conviction and sentence for attempted second degree murder are affirmed, and appellate counsel's motion to withdraw is granted.

## FACTS

On or about June 3, 2017, Defendant struck household member Pamela Tignor with a vehicle and drove with her on the hood until she fell off. This

---

[1] The conviction for second degree battery is before this court in docket number 19-813.

occurred in the parking lot of Lowe's and was captured on video surveillance. Defendant beat Tignor, forcibly put her back into the vehicle, and told her that if anyone was looking for them he was going to kill her. Defendant also choked Tignor to the point of her passing out and told her "[h]e might as well take her out because he was going back to jail forever."

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, Defendant's appellate counsel filed a brief stating he could find no non-frivolous issues upon which to base an appeal. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of*

2

*Wisconsin*], 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Hence, counsel's *Anders* brief must provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, counsel discusses the procedural history and the facts of the case. Counsel notes Defendant entered into a counseled plea and did not reserve his right to seek review of any of the trial court's rulings pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976). Counsel further points out that, in the plea form signed by Defendant and in the plea colloquy, Defendant acknowledged he understood that by pleading guilty he was giving up any right to appeal the sentence. Counsel then addresses the Defendant's background, the rights he waived, and the plea form. He then notes there is no basis in the record to support a claim that the plea was constitutionally infirm. Counsel maintains the plea was advantageous, as Defendant received a twenty year sentence, under a cap of forty years, when the offense carried a maximum sentence of fifty years. Additionally, the State agreed not to seek enhancement of the sentence under La.R.S. 15:529.1, and, by agreement, the sentence runs concurrently with the sentence imposed in another docket number. Counsel asserts the deal Defendant made appears to have been followed to the letter by the sentencing court. Counsel states the sentence Defendant received was "exactly as appellant bargained for in his plea agreement. There thus does not appear to be a valid claim of sentence excessiveness."

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including the transcripts, pleadings, minute entries, and the charging instrument. Defendant was properly charged in a bill of information. He was present and represented by counsel at all crucial stages of the proceedings.

3

Additionally, Defendant entered an unqualified guilty plea, and that plea was freely and voluntarily entered after he was advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The entry of that plea waived all pre-plea non-jurisdictional defects, and no rulings were preserved for appeal under the holding in *Crosby*. *See State v. Aguilar*, 14-714 (La.App. 5 Cir. 1/14/15), 167 So.3d 862. Although Defendant entered into a plea with a sentencing cap for the offense of attempted second degree murder, the plea agreement did not address the concurrent nature of the sentence to be imposed. Nevertheless, the sentence imposed for attempted second degree murder runs concurrently with the sentence for second degree battery. Moreover, the sentence for attempted second degree murder is legal and is within the sentencing cap. Thus, Defendant cannot not seek review of that sentence. La.Code Crim.P. art. 881.2(A)(2); *State v. Young*, 96-195 (La. 10/15/96), 680 So.2d 1171.

We have found no issues which would support an assignment of error on appeal. Accordingly, Defendant's conviction and sentence are affirmed, and appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

4