STATE OF LOUISIANA

VERSUS

JONTREAL A. FISHER

NO. 19-KA-533

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-979, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

June 24, 2020

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE AND
THREE AFFIRMED; SENTENCES ON COUNTS TWO AND FOUR
VACATED; REMANDED FOR RESENTENCING.**
**SMC**
**FHW**
**JGG**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Gail D. Schlosser
     Tucker H. Wimberly

COUNSEL FOR DEFENDANT/APPELLANT,
JONTREAL A. FISHER
     Prentice L. White

**CHEHARDY, C.J.**

Defendant, Jontreal A. Fisher, appeals his convictions and sentences for four counts of possession with intent to distribute heroin, cocaine, alprazolam and methamphetamines, respectively. After a thorough review of the record, defendant's convictions are affirmed, defendant's sentences on counts one and three are affirmed, defendant's sentences on counts two and four are vacated, and the matter is remanded for resentencing.

**Procedural History**

On March 13, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jontreal A. Fisher, with possession with intent to distribute heroin, a violation of La. R.S. 40:966(A) (count one), possession with intent to distribute cocaine weighing less than twenty-eight grams, a violation of La. R.S. 40:967(A) (count two), possession with intent to distribute alprazolam, a violation of La. R.S. 40:969(A) (count three), and possession with intent to distribute methamphetamine weighing less than twenty-eight grams, a violation of La. R.S. 40:967(A) (count four). Defendant was arraigned on that same date and pled not guilty.

On July 16, 2018, defendant filed a motion to suppress evidence that was denied after a hearing on July 25, 2018. On April 22, 2019, defendant withdrew his not guilty pleas and pled guilty as charged on all four counts. Later, on that same date, the trial court sentenced defendant to twenty years imprisonment at hard labor on count one, twenty years imprisonment at hard labor on count two, ten years imprisonment at hard labor on count three, and twenty years imprisonment at hard labor on count four, with the sentences to run concurrently. The trial court also ordered the sentences to run concurrently with the sentences imposed in case numbers 18-270, 18-5271, 18-5356, and any other sentence defendant was

currently serving. On April 29, 2019, defendant filed a *pro se* pleading entitled, "Ineffective of Counsel for Failures to Investigate Insanity Defense." Thereafter, on May 10, 2019, defendant filed a *pro se* motion to appeal that was granted on May 15, 2019.

**Factual Background**

Because defendant pled guilty, the underlying facts of this matter were not fully developed at a trial. Nevertheless, the State alleged in the bill of information that on or about February 1, 2018, defendant violated La. R.S. 40:966(A) in that he did knowingly or intentionally possess with the intent to distribute heroin (count one), violated La. R.S. 40:967(A) in that he did knowingly or intentionally possess with the intent to distribute cocaine weighing less than twenty-eight grams (count two), violated La. R.S. 40:969(A) in that he did knowingly or intentionally possess with the intent to distribute alprazolam (count three), and violated La. R.S. 40:967(A) in that he did knowingly or intentionally possess with the intent to distribute methamphetamine weighing less than twenty-eight grams (count four).

Additionally, during the colloquy, the State presented the following factual basis:

> In case number 18-979, had this matter proceeded to trial, the State of Louisiana would have proven beyond a reasonable doubt, that the defendant, Jontreal Fisher, on or about February 1st, 2018 violated Louisiana Revise [sic] Statute 40:966(A), and that he did knowingly and intentionally possess with intent to distribute a control [sic] dangerous substance, to wit Heroin.
>
> Further, that the defendant, Jontreal Fisher, on or about February 1st, 2018, violated Louisiana Revise [sic] Statute 40:967(A), and that he did knowingly or intentionally possess with intent to distribute a control [sic] dangerous substance, to wit Cocaine weighing less than 28 grams,
>
> Further, that the defendant, Jontreal Fisher, on or about February 1st, 2018, violated Louisiana Revise [sic] Statute 40:969(A), and that he knowingly and intentionally possess with intent to distribute a control [sic] dangerous substance, to wit Alprazolam.

And count four, that the defendant, Jontreal Fisher, on or about February 1ˢᵗ, 2018, violated Louisiana Revise [sic] Statute 40:967(A), and that he did knowingly and intentionally possess with intent to distribute a control [sic] dangerous substance, to wit Methamphetamine, weighing less than 28 grams.

These offense, all these offenses occurred in Jefferson Parish.

**Assignment of Error**

In his sole assignment of error on appeal, defendant avers the trial court committed reversible error when it denied defendant's motion to suppress evidence.

**Law and Discussion**

In support of his contention that the trial court erred in denying his motion to suppress, defendant claims that Detective Cory Himel of the Jefferson Parish Sheriff's Office ("JPSO"), Narcotics Division, received information from a confidential informant that defendant would be driving a black Chevy Cruise, and carrying large quantities of illegal drugs to a specific location in Jefferson Parish. Thereafter, when Detective Himel observed defendant driving a black Chevy Cruise to the previously identified location, he initiated an investigatory stop without having sufficient probable cause to believe that defendant was in possession of illegal drugs. According to defendant, Detective Himel surrounded his vehicle, thereby preventing defendant from leaving the scene. Thereafter, as defendant opened the door to his vehicle, Detective Himel proceeded to search the vehicle and allegedly found illegal drugs. Defendant contends that the officers conducting the investigatory stop of his vehicle did so without probable cause to suggest that defendant was engaged in criminal activity or was in possession of illegal drugs. Further, defendant argues that there was no suggestion that any exigent circumstances existed that could obviate the need for a valid search warrant.

Defendant argues that the officer's illegal search of his vehicle was a violation of his Fourth Amendment right against unreasonable searches and seizures and, as such, the trial court committed reversible error by refusing to suppress the items illegally seized from his vehicle. Further, due to the alleged violation of his Fourth Amendment rights, defendant argues that his arrest, charges, and convictions for illegal drug possession and distribution should be reversed. We disagree.

The record shows that defendant, who was represented by counsel, did not enter a qualified guilty plea under *State v. Crosby*, 338 So.2d 584, 588 (La. 1976), and thus, failed to preserve the issue involving the trial court's denial of his motion to suppress for appeal. Moreover, defendant does not challenge the validity of his guilty plea.

When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Aguilar*, 14-714 (La. App. 5 Cir. 1/14/15), 167 So.3d 862, 865. However, a defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. *Crosby*, *supra*; *State v. Landry*, 02-1242 (La. App. 5 Cir. 4/29/03), 845 So.2d 1233, 1236, *writ denied*, 03-1684 (La. 12/19/03), 861 So.2d 556.

In the present case, our review of the record reveals that the trial court conducted a *Boykin* colloquy with defendant and explained to him the rights he was waiving by pleading guilty. During the guilty plea proceedings, defendant did not reserve any rights to appeal pretrial rulings of the trial court prior to pleading guilty. Consequently, because defendant entered unqualified guilty pleas, we find that defendant waived all non-jurisdictional defects in the proceedings that occurred prior to his guilty pleas and no rulings were reserved for appeal under

*Crosby*, *supra*, including the trial court's prior ruling on defendant's motion to suppress. *See State v. Nellon*, 18-385 (La. App. 5 Cir. 12/19/18), 262 So.3d 441, 444 (citing *State v. Nelson*, 17-650 (La. App. 5 Cir. 5/23/18), 248 So.2d 683, 688; *State v. Turner*, 10-995 (La. App. 5 Cir. 9/27/11), 75 So.3d 491, 492, *writ denied*, 11-2379 (La. 4/27/12), 86 So.3d 625; *Landry*, *supra*).[1] Accordingly, because defendant failed to preserve review of the denial of his motion to suppress, he is not entitled to the relief he seeks.

**Errors Patent Discussion**

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). We note two errors requiring corrective action.

A review of the record reveals that although defendant was correctly informed of the sentencing ranges for the offenses on counts one and three, the trial court incorrectly advised defendant of the sentencing ranges on count two, possession with intent to distribute cocaine weighing less than twenty-eight grams in violation of La. R.S. 40:967(A), and count four, possession with intent to distribute methamphetamine weighing less than twenty eight grams in violation of La. R.S. 40:967(A). Specifically, the court advised defendant that the penalty range for counts two and four, respectively, was ten to thirty years at hard labor. However, La. R.S. 40:967(B)(1)(a) provides that an individual who is convicted of possession with intent to distribute cocaine weighing less than twenty-eight grams (count two), and possession with intent to distribute methamphetamine weighing less than twenty-eight grams (count four), shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years. Here, on counts two and four, the trial court sentenced defendant to imprisonment at hard labor for

---

[1] Defendant's sentences were imposed in accordance with the plea agreement with the State. Of significance, as a part of the plea agreement, the State agreed not to file a multiple offender bill against him, which resulted in a substantial sentencing benefit to defendant.

twenty years, respectively.  Consequently, we find defendant received an illegal sentence on both counts two and four as he was sentenced to ten years more than the terms allowed by law.

Pursuant to La. C.Cr.P. art. 882, an appellate court is authorized to correct an illegal sentence at any time, when the exercise of sentencing discretion is not involved.  *State v. Mason*, 10-284 (La. App. 5 Cir. 1/11/11), 59 So.3d 419, 430, *writ denied*, 11-306 (La. 6/24/11), 64 So.3d 216.  In light of the discretion permitted by the statute, we vacate defendant's sentences on counts two and four and remand the matter to the trial court for resentencing.  *See* La. C.Cr.P. art. 881.4(A); *see also State v. Smith*, 18-142 (La. App. 5 Cir. 8/29/18), 253 So.3d 1314, 1321; *State v. Brown*, 17-346 (La. App. 5 Cir. 12/13/17), 234 So.3d 1134, 1137-38.

We decline to address any errors noted in the State of Louisiana Uniform Commitment Order, because the trial court will prepare a new Uniform Commitment Order after re-sentencing on counts two and four.

**DECREE**

For the foregoing reasons, defendant's convictions are affirmed; defendant's sentences on counts one and three are affirmed; defendant's sentences on counts two and four are vacated and the matter is remanded for resentencing.

**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE AND THREE AFFIRMED; SENTENCES ON COUNTS TWO AND FOUR VACATED; REMANDED FOR RESENTENCING.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 24, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 19-KA-533

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          GAIL D. SCHLOSSER (APPELLEE)

### MAILED

PRENTICE L. WHITE (APPELLANT)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
POST OFFICE BOX 74385
BATON ROUGE, LA 70874

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TUCKER H. WIMBERLY (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053