NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 23-760

**STATE OF LOUISIANA**

**VERSUS**

**TERRANCE HUDSON**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2021-0628
HONORABLE E. DAVID DESHOTELS, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

### ELIZABETH A. PICKETT
### CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Jonathan W. Perry, Judges.

**CONVICTION AND SENTENCE AFFIRMED AND MOTION TO WITHDRAW GRANTED. REMANDED WITH INSTRUCTIONS.**

G. Paul Marx
Louisiana Appellate Project
P.O. Box 82389
Lafayette, LA 70598
(337) 237-2537
COUNSEL FOR APPELLANT:
    Terrance Hudson

Joseph Green
District Attorney, Thirty-Third Judicial District Court
P.O. Box 839
Oberlin, LA 70665
(337) 639-2641
COUNSEL FOR APPELLEE:
    State of Louisiana

**PICKETT, Chief Judge.**

## FACTS

On or about September 16, 2020, a correctional officer discovered paper strips containing synthetic marijuana in the defendant's bunk during a routine property search at the Department of Corrections lockup in Allen Parish, also known as Raymond Laborde Correctional Center.

On May 14, 2021, the state filed a bill of information charging the defendant, Terrance Antonio Hudson, with possession of contraband upon the grounds of a correctional institution, in violation of La.R.S. 14:402(B), and possession of marijuana or synthetic cannabinoids, in violation of La.R.S. 40:966(C).

On March 14, 2022, the defendant entered a plea of no contest to possession of contraband. As part of the plea, the state agreed not to charge the defendant as a habitual offender and to dismiss the possession of marijuana charge. On the same day, the trial court sentenced the defendant to serve one year with the Department of Corrections and ordered the sentence to run concurrently with the charges under docket numbers CR-2021-0629 and CR-2021-0704 and to run consecutively to the time presently being served.[1] The defendant filed this appeal.

The defendant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests this court grant his accompanying motion to

---

[1] Docket number CR-2021-0629 was before this court in 23-514; an opinion was rendered on January 31, 2024. Docket number CR-2021-0704 is the companion case to the instant case.

withdraw. The defendant was advised, via certified mail, that counsel filed an *Anders* brief, and he was given until February 1, 2024, to file a pro se brief.[2]

For the following reasons, we affirm the conviction and sentence for possession of contraband upon the grounds of a correctional facility and grant appellate counsel's motion to withdraw.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find one error patent regarding the advisement of the time period for filing post-conviction relief.

The trial court did not accurately advise the defendant as to the time period for filing post-conviction relief. At sentencing, the trial court informed the defendant that he had "[t]wo years any [sic] post-conviction relief." In the written plea agreement signed by the defendant, he was advised that he had "two years from the date this conviction becomes final to file an application for post-conviction relief." According to La.Code Crim.P. art. 930.8(A) (emphasis added), the defendant has "two years after the *judgment of conviction and sentence* has become final" to seek post-conviction relief.

The advice given by the trial court at sentencing is inadequate. The advice provided on the written plea agreement form is partially, but not completely accurate. The trial court is instructed to inform the defendant of the correct provisions of article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that the defendant

---

[2] No pro se brief has been filed.

received the notice in the record of the proceedings. *State v. Green*, 21-14, 21-15 (La.App. 3 Cir. 10/27/21), 329 So.3d 917.

**ASSIGNMENT OF ERROR**

Counsel asserts the following argument in his brief to this court:

> Where the sentence is the statutory minimum of one year, concurrent with two other charges but consecutive to the sentence appellant was serving, is there any basis to argue constitutional excessiveness?

***ANDERS* ANALYSIS**

Defendant's appellate counsel filed a brief pursuant to *Anders*, 386 U.S. 738, alleging he could find no non-frivolous issues upon which to base an appeal. As such, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (quoting *McCoy v. Court of Appeals of Wisconsin Dist. 1*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Appellate counsel must fully discuss

3

and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241 (citing *U.S. v. Pippen*, 115 F.3d 422, 426 (7th Cir. 1997)). Thus, appellate counsel's *Anders* brief must review the procedural history and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, appellate counsel discusses the procedural history and the facts of the case. Appellate counsel notes the defendant was charged with possession of contraband upon the grounds of a correctional institution and entered a plea of no contest. Appellate counsel also alleges there is no basis in the record to support a claim that the plea was constitutionally infirm. Appellate counsel further asserts the defendant entered an open-ended plea wherein the trial court would determine the sentence. Appellate counsel maintains the plea was advantageous, as the trial court imposed the legal, minimum sentence and ordered the sentence to run concurrently to the other two felonies. Moreover, appellate counsel notes the state agreed not to seek enhancement under La.R.S. 15:529.1 as part of the plea agreement. Appellate counsel states the sentence received by the defendant is "unassailable" given the circumstances of the offenses. Therefore, appellate counsel claims there are no non-frivolous claims for review and asks for permission to withdraw.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, we have performed a thorough review of the record, including the charging instrument, pleadings, minute entries, and transcripts. The defendant was properly charged in a bill of information. He was present and represented by counsel at all crucial stages

4

of the proceedings. Additionally, the defendant entered a plea of no contest, and that plea was freely and voluntarily entered after he was advised of his *Boykin* rights.[3] "A plea of nolo contendere is equivalent to an admission of guilt and is treated as a guilty plea." *State v. Gordon*, 04-633, p. 9 (La.App. 1 Cir. 10/29/04), 896 So.2d 1053, 1061 (citations omitted), *writ denied*, 04-3144 (La. 4/1/05), 897 So.2d 600. The entry of that plea waived all pre-plea non-jurisdictional defects, and no rulings were preserved for appeal under the holding in *State v. Crosby*, 338 So.2d 584 (La.1976). *See State v. Aguilar*, 14-714 (La.App. 5 Cir. 1/14/15), 167 So.3d 862. Although appellate counsel asserts the defendant entered an open-ended plea, wherein the trial court would determine the sentence, the *Boykin* transcript reflects that the sentence was recommended by the state.[4] Generally, a defendant is precluded from seeking review of sentence imposed in conformity with a plea agreement that was set forth at the time of plea. La.Code Crim.P. art. 881.2(A)(2). However, this court has consistently held that it is "not automatically precluded from reviewing a sentence *unless* the plea agreement provides a specific sentence or sentencing cap." *State v. Curtis*, 04-111, p. 2 (La.App. 3 Cir. 8/4/04), 880 So.2d 112, 114 (emphasis added) (citing *State v. Pickens*, 98-1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232, *and writ denied*, 01-2178 (La. 4/19/02), 813 So.2d 1081), *writ denied*, 04-2277 (La. 1/28/05), 893

---

[3]*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

[4]The minute entry for the *Boykin* hearing states the one-year sentence was a joint recommendation; however, the transcript of the hearing provides otherwise. The state made the recommendation while the defense neither objected nor agreed to the sentence. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

So.2d 71. Additionally, "[i]n an instance where the court sentences the defendant in accordance with the *parties' recommendation* for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38 (emphasis added). Here, neither the plea agreement nor the transcript reflects that there was a specific sentence imposed in conformity with the defendant's plea agreement. As such, the defendant is not precluded from seeking review of his sentence. Therefore, we will discuss the defendant's sentence for the offense of possession of contraband on the grounds of a correctional facility.

At the *Boykin* hearing, the state mentioned that the statutory minimum for the offense was one year. However, La.R.S. 14:402(G)(1) provides that whoever commits the offense of possession of contraband on the grounds of a correctional facility "shall be imprisoned with or without hard labor for not more than ten years." There is no minimum sentence mandated under La.R.S. 14:402(G)(1).[5] We do not find that the sentence imposed was excessive considering the circumstances of the defendant's case. As such, we find no issues which would support an assignment of error on appeal.

Accordingly, the defendant's conviction and sentence are affirmed, and appellate counsel's motion to withdraw is granted.

## CONCLUSION

We hereby affirm the defendant's conviction and sentence and grant appellate counsel's motion to withdraw. The trial court is instructed, however, to inform the defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending

---

[5]The plea agreement also reflects there is no minimum sentence required under La.R.S. 14:402(G)(1).

appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings.

**CONVICTION AND SENTENCE AFFIRMED AND MOTION TO WITHDRAW GRANTED.**
**REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16